UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAWN M. HELLER, ) | Case No.: 5:14 CV 524 |
| ) | |
| Plaintiff, ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| COLORADO TECHNICAL ) | AND ORDER |
| UNIVERSITY ON LINE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is *pro se* plaintiff Dawn M. Heller's above-captioned *in forma pauperis* "Partial Summary Judgment with Declaratory Complaint for Damages" against Colorado Technical University (CTU) Online, Career Education Corporation, Pearson Vue, Adobe Acrobat and CTU Connect Card. (Doc. No. 1.) Ms. Heller alleges, *inter alia*, the defendants discriminated against her in violation of 42 U.S.C. §§1983 and 2000e, and engaged in acts of fraud regarding her student loans in violation of "Title XVIII Fraud and Racketeering."[1] She seeks declaratory relief and $1.5 million in damages. For the reasons set forth below, the Complaint is dismissed.

---

[1] The only identification the Court can discern for this Title is Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* ("Medicare Act" or "Act"). Because Ms. Heller does not discuss the relevance of the citation, the Court will not address it as a legitimate claim.

*Background*

The relevant dates set forth in the Complaint are not in agreement. Ms. Heller initially states she was enrolled as student at CTU during the following two terms: January 4, 2009 until December 12, 2010 and "the end of April 2011 - April 2012." (Doc. No. 1 at 3.) She claims she enrolled at CTU to earn an "AS Degree in Criminal Justice." (Doc. No. 1 at 8.) Later, she "re-enrolled in a Bachelor[']s degree program on or about February 23, 2011-May 2011." *Id.* Finally, Ms. Heller states she attended CTU "from January 2009 -December 2010" and withdrew. (Doc. No. 1 at 9.)

Ms. Heller alleges the Defendants charged her tuition for periods of time in which she was not enrolled as a student. This period includes her enrollment in classes she believes were not necessary to graduate. (Doc. No. 1 at 8.) Based on this reasoning, Ms. Heller concludes these classes were "not billable." She further blames CTU for charging her to retake a class she failed. She attributes her failing grade in the class to "[d]iscrimination ... practiced by instructors, and administrative staff, because of the overall low expectation or general competency level of community Technical college students. For which students were graded on a curve, and by Core educational Standard Requirements." (Doc. No. 1 at 6.)

With regard to her fraud allegations, Ms. Heller claims she was over billed for Stafford Loans. She does not allege she attempted to reconcile the discrepancy with the service provider of her loan, however. Instead, Ms. Heller inserts random numbers to bolster her allegations that the defendants failed to properly account for her total loan obligation. The contradictions riddled throughout the complaint are too extensive to recount, but it is clear Ms. Heller believes the defendants have overcharged her and have demanded payment without reconciling the amount of money she owes. She claims she has been injured because she has been unable to graduate or enroll

in another college due to the defendants' actions.

## *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## *Failure to State a Claim*

Construing the Complaint in a light most favorable to Ms. Heller, the Court concludes she could not prove any set of facts in support of her claims that would entitle her to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). As a threshold matter, a plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). Although Ms. Heller repeatedly recites the terms "discrimination" and "fraud," she does not allege facts that would support any claim for relief.

## *42 U.S.C. § 1983*

For Ms. Heller to assert a violation of her rights under the United States Constitution, a federal remedy is provided by 42 U.S.C. § 1983. The statute states, in relevant part:

> That every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the*

> *District of Columbia* subjects or causes to be subjected any citizen
> of the United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws is liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress

42 U.S.C. §1983 (emphasis added). Thus, to advance any claimed deprivation of a Constitutonal right under §1983, a plaintiff must allege: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *McQueen v. Beecher Comm. Schs.*, 433 F.3d 460, 463 (6th Cir.2006) (internal quotation marks omitted).

The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976). Thus,"[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Ms. Heller does not set forth any claim that she was deprived of any right to which she is entitled under the Constitution.

Even if she alleged such a right, the Supreme Court has noted that "[w]here the impetus for the discrimination is private the State must have 'significantly involved itself . . . to fall within the ambit of the constitutional prohibition.' " *Moose Lodge No. 101 v. Irvis*, 407 U.S. 163, 173 (1972)(quoting *Reitman v. Mulkey*, 387 U.S. 369, 380 (1967)). Ms. Heller does not name a state actor as the defendant. By all appearances, the defendant is a private party and the plaintiff never alleges the State was significantly involved with the defendant's activities.

*Title VII - Discrimination*

Title VII of the Civil Rights Act prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e. Although the Supreme

-4-

Court has clarified that a plaintiff is not required to allege facts to support a *prima facie* case of discrimination at the pleading stage, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* [ *v. Green*, 411 U.S. 792 (1973)] framework), the holding did not eliminate the basic tenets of notice pleading.

While the statute affords protection for a broad class of individuals, its purpose is to address discrimination in employment practices. Ms. Heller does not identify herself as employee and, moreover, does not identify herself within any class of individuals protected by Title VII. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). It is not the responsibility of the district court to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Therefore, a finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ...". *Denton v. Hernandez*, 504 U.S. 25 (1992).

A crucial step in testing the sufficiency of a complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly,* 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

-5-

a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted). Ms. Heller's incoherent allegations against the defendants, do not state any grounds for relief beyond a series of conclusory allegations. Thus, she has failed to state a claim for which this Court can provide relief.

*Conclusion*

Based on the foregoing, Ms. Heller is granted leave to proceed *in forma pauperis* and the Complaint is dismissed pursuant 28 U.S.C. § 1915(e). Further, the Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

          /s/ SOLOMON OLIVER, JR.
          CHIEF JUDGE
          UNITED STATES DISTRICT COURT

June 27, 2014

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."